INDUSTRIAL COMMISSION OF OHIO *v.* SODEC.

(Decided April 5, 1928.)

*Mr. Edward C. Turner,* attorney general, and *Mr. John A. Elden,* for plaintiff in error.

*Mr. Frank Lausche,* and *Messrs. Cerrezin & Wilson,* for defendant in error.

HOUCK, J. The petition in error in this case was filed from a judgment entered in the common pleas court of Cuyahoga county in favor of the defendant in error, Margaret Sodec, against the plaintiff in error, the Industrial Commission of Ohio.

This cause originally arose on the refusal of the Industrial Commission of Ohio to make an award on a death claim presented to it by Margaret Sodec, the surviving widow of John Sodec, deceased.

Sodec, while working for the Willard Storage Battery Company of Cleveland, Ohio, met with injuries which later caused his death. The Industrial Commission recognized the injury, and paid some compensation to Sodec during his lifetime, but upon his

death denied the widow's statutory death award. An appeal was taken from the refusal of the commission to make this award, and the cause was submitted to a jury in the common pleas court, which returned a verdict in favor of the claimant, Margaret Sodec, in the sum of $3,867.60, payable to her at the rate of $13.33 per week, beginning April 30, 1928, the date of the death of John Sodec. The jury also found in its verdict in favor of the widow in the sum of $150 for funeral and $63 for medical expenses. Error is prosecuted by the Industrial Commission asking a reversal of the judgment below.

In the petition in error, counsel set forth seven grounds on which they seek a reversal of the judgment in the lower court. However, in written brief they set forth but two, and the second ground as stated therein, "that the verdict is excessive," was abandoned during oral argument in open court. Therefore it leaves but one ground which is urged for reversal of said judgment, to wit: "That the death did not occur within two years as provided by statute; also that the case does not come under the exception of said statute for the reason that the death occurred more than two years from the date of injury and the payment of compensation and disability was not continuous."

We have given careful consideration to the oral arguments made in the presentation of this case and have read the briefs and examined the authorities cited therein by both parties hereto.

Paragraph 4 of Section 1465-82 of the General Code of Ohio (110 Ohio Laws, 227), which was in force and effect at the time of the death of John Sodec on the 30th day of April, 1925, reads as fol-

lows: "In cases in which compensation or disability on account of the injury has been continuous to the time of the death of the injured person, and the death is the result of such original injury, compensation shall be paid for such death as though the same had occurred within the two years hereinbefore provided, deducting from the final award therefor the total amount theretofore paid on account of total or partial disability on account of such injury."

It occurs to us that under a proper interpretation of the above statutory provision the cause of action of Margaret Sodec did not arise until the death of her husband on the 30th day of April, 1925, and that her rights to recover in the present case were and are predicated upon said statutory provision.

We think that the record clearly shows that John Sodec was disabled from the performance of any work from the date of the last payment he received until his death, and that by reason thereof his disability was continuous from the date of the last payment he received from the Industrial Commission to the date of his death.

*Industrial Commission* v. *Kamrath,* 118 Ohio St., 1, 160 N. E., 470, decided January 11, 1928, laid down the following rules:

"1. The rights of injured employees and the dependents of killed employees to participate in the state insurance fund are such, and such only, as are conferred by statutory law.

"2. The provisions of the General Code relating to compensation of injured employees or the dependents of killed employees in force at the time the cause of action accrues are the measure of the right of such employees and dependents to participate in the state insurance fund.

"3. The cause of action of an injured employee accrues at the time he receives an injury in the course of his employment.

"4. The cause of action of a dependent of a killed employee accrues at the time the employee dies from an injury received in the course of his employment."

The remedies provided in the Workmen's Compensation Act for the benefit of injured parties must be interpreted with the utmost liberality. *Roma* v. *Industrial Commission*, 97 Ohio St., 247, 119 N. E., 461; *Industrial Commission* v. *Weigandt*, 102 Ohio St., 1, 2, 130 N. E., 38.

It will be conceded, we think, that the provisions of the Workmen's Compensation Act are wise and humane, and that they were enacted for the purpose of furnishing the means of support for the widows, children, and dependents of employees who might lose their lives while engaged in some labor or work in an honest endeavor to obtain the means of support of those near and dear to them.

Under the provisions of the statute herein cited, and under the authorities referred to and the rules of law therein laid down, when applied to the record facts in the case at bar, we are bound to reach the conclusion that the judgment of the common pleas court is right, that no prejudicial error is contained in the record, and that the judgment of the common pleas court should be affirmed.

*Judgment affirmed.*

Shields and Lemert, JJ., concur.

Judges of the Fifth Appellate District sitting in place of Judges Sullivan, Vickery and Levine, of the Eighth Appellate District.