Holding these views, it follows that the judgment of the court of common pleas should be reversed.

*Judgment reversed and cause remanded.*

HUGHES and CROW, JJ., concur.

THE CLEVELAND PROVISION CO. *v.* HUNTER.

(Decided April 28, 1930.)

*Messrs. Thompson, Hine & Flory,* for plaintiff in error.

*Messrs. Cerrezin & Wilson* and *Mr. M. C. Harrison,* for defendant in error.

VICKERY, P. J. This action comes into this court on a petition in error to the common pleas court of Cuyahoga county, the purpose being to reverse a judgment rendered in favor of Julia Hunter, defendant in error, plaintiff in the court below.

From the record, briefs, and arguments of counsel, we learn that one James Hunter in his lifetime was an employe of the Cleveland Provision Company, and that said company is a self-insurer, as is authorized under the laws of Ohio, and had complied with the industrial compensation statutes, but instead of paying into the fund had given a bond and become a self-insurer in conformity with the provisions of Section 1465-69, General Code; that prior to the events which gave rise to the action in the

court below James Hunter, while in the employ of the Cleveland Provision Company, and during the course of his employment, suffered an injury which resulted in an infected finger and blood poisoning, and had to have an operation and was confined to the hospital for some little period of time; that during the time that he was confined in the hospital he was allowed and paid by the Cleveland Provision Company such compensation as he was entitled to under the laws of Ohio; that thereafter, at the end of the period that he was confined in the hospital, he returned to work for the Cleveland Provision Company, and received, for a short period of time, wages equal to, if not greater than, those which he had received prior to the injury, and thereafter further compensation was refused, or at least was not paid. Subsequently he had arteriosclerosis, or hardening of the arteries, and ultimately he died, and the claim was then made to the Industrial Commission for compensation by the widow, including medical, hospital, nursing, and funeral expenses, and attorney fees, which was refused by the Industrial Commission.

A motion for a rehearing was made before the commission, and a rehearing was granted, and upon that rehearing evidence was produced both for the commission and for the claimant. At the close of the hearing the Industrial Commission denied the right of the claimant to receive compensation, and refused same, and within the time allowed by law from the date of refusal to allow any compensation to the claimant for the death of her husband an appeal was filed in the common pleas court by plaintiff, and the case was submitted to the common pleas

court on the evidence that was introduced before the Industrial Commission. At the conclusion of the evidence on both sides the court charged the jury, and the jury brought in a verdict under the law now in force finding that plaintiff below, claimant, was entitled to compensation, but fixed no amount, leaving that to the commission to determine under its rules and the law. From this judgment error was prosecuted to this court, and several errors are alleged as to why this judgment is erroneous and should be reversed.

One of the main grounds urged in this court is that the death did not occur within two years from the time of the alleged injury, and therefore there was no right to compensation for the death unless the case comes within the *exception* to the statute; and that brings us to a discussion of the statute under which the plaintiff claims a right to recover, Section 1465-82, General Code, which is in part as follows:

"4. In cases in which compensation or disability on account of the injury has been continuous to the time of the death of the injured person, and the death is the result of such original injury, compensation shall be paid for such death as though the same had occurred within the two years hereinbefore provided." (110 Ohio Laws, 227.)

Now it is admitted in this case— and the record shows it—that James Hunter, the claimant's decedent, was injured in the course of his employment, while employed by the Cleveland Provision Company, but defendant says that he was fully compensated for that temporary total disability, and that thereafter he went to work and earned as much as

before, if not more, and that therefore he was not entitled to compensation, thus construing this statute to mean that inasmuch as he did not receive *compensation* continuously the right to bring the action would not arise, because he did not die within two years from the time of the accident.

Now it is interesting to note that prior to the passage of the present statute (110 Ohio Laws, 227) which is quoted above, the statute did read as the learned counsel for the Cleveland Provision Company would have us now believe that it should read; that is, that unless the *compensation* was continuous up to the death there would be no right unless the death occurred within two years. It is admitted in this case that the death did not occur within two years, but the Legislature must have had some purpose in amending the statute to make it read as it now reads, which amendment went into effect January 1, 1924. An examination of that amendment will show that the Legislature inserted two words that were not in the section as previously enacted in 108 Ohio Laws, part 1, at page 321, and those words are ''or disability,'' and there must, as already stated, have been a purpose in the mind of the Legislature for that; and one can readily see the purpose of it, for if a man was injured under the old statute, and his injury was continuous, unless he received *compensation* continuously, and then died, his widow or next of kin would not be entitled to compensation for his death, unless it occurred within two years from the injury, because the compensation was not paid continuously.

Of course, it is inconceivable to think that a corporation like the Cleveland Provision Company,

after having paid compensation for a time, would purposely pay a person wages even though he was injured and continued to be injured after the accident, for the purpose of cutting off his rights thereafter; but there might be cases which would arise where such a thing was conceivable, and so the Legislature amended the statute and put in the words "or disability."

So, now, the questions and the only questions in this case are, if we construe the statute right: Was this man *continuously* disabled from the time of his injury; and, if so, did the death result from that injury which occurred in the course of his employment?

Now those were the two questions before the court and jury, for it is admitted that he did not draw compensation continuously, although he did not work more than sixty-two days in all after the time of his injury down to the time of his death some three years afterward.

We can conceive of a person being injured in such a way that he might go on and work and earn as much as he was earning before. He might do it by sheer pluck, by sheer energy, by sheer desire not to give up under untoward circumstances, and he might go on and work notwithstanding the injury was such that perhaps he would have been entitled to compensation; or he might draw compensation for a short time, and then go back to his work, although he was suffering all the time from the injury that he received and was as a matter of fact continuously *disabled* from the time of his injury down to the time of his death.

Now we apprehend in such a case that if the

death was due to the injury, and he was disabled continuously from that injury down to the time of his death, and that injury was the cause of his death, then, irrespective of compensation, whether any was paid or only part was paid, his widow or next of kin would be entitled to compensation for that death.

Therefore, the sole question in this case is: Was there evidence in this record which shows that he received this injury in the course of his employment, that that injury and the disability occasioned thereby were continuous down to the time of his death, and does the evidence substantiate the claim that he died from the effects of that injury?

Now, this question was one of the questions that was before the court and jury, and the trial judge very carefully and very clearly submitted this question to the jury, and, without quoting exactly from the judge's charge, it is in effect that before the plaintiff in the court below could recover she would have to prove, by a preponderance of the evidence, that the injury occurred while in the course of the employment of James Hunter, and that it occasioned a disability, and that the disability lasted all the time, or continuously, from the inception of the injury down to his death; and, furthermore, that the evidence must show by a preponderance, or the greater weight, that his death was the result of that injury.

Now, in looking over this record, there is evidence to sustain all of these propositions, and the weight of the evidence was for the jury and the court that heard it, and that court having heard the evidence and properly instructed the jury, and there being evidence to sustain the plaintiff's contention, we do

not see that the court went wrong in this case, for we are of the opinion that when the Legislature amended that statute it intended that if a man was injured to such an extent that he was disabled—and there is no measurement of the disability that must accrue, and "disability," I take it, means in this statute what it ordinarily means, that he is not as capable of doing his work with the same degree of ease and competency after the injury as he was before—I say the Legislature must have intended by the amendment of this statute that, even though the man himself might not be entitled to compensation, or be given compensation, if by reason of his pluck, by reason of his ambition, he worked when he was disabled and earned as much money as he had earned before, yet his widow would be entitled to compensation if he died from that injury, if the disability was continuous through that entire time. That is our construction of that statute, and the question was fairly submitted to the jury by the trial court, and the jury having found under the instructions that that disability did continue, and that the death resulted from the injury, we do not see that the court erred in overruling a motion for a new trial and entering a judgment upon the verdict.

And in this connection we wish to call attention to a decision rendered April 5, 1928, by the judges of the Fifth Appellate District while sitting in this district by designation, to wit, the case of *Industrial Commission* v. *Sodec, post,* 177, 172 N. E., 292, where Judge Houck, speaking for the court, construed this statute as we are construing it, in a case in which

the facts are almost parallel to the facts in the instant case.

The verdict is in the form that the present law permits and the amount and method of paying this sum of money is left to the Industrial Commission.

There being no error in this record that would warrant us in disturbing the same, we can do no other than affirm the judgment.

*Judgment affirmed.*

SULLIVAN and LEVINE, JJ., concur.