Hurless, Appellant, *v.* Mead Corp., Appellee.

[Cite as Hurless v. Mead Corp. (1971), 29 Ohio App. 2d 264.]

(No. 562—Decided October 6, 1971.)

*Messrs. Clayman, Jaffy & Taylor,* for appellant.
*Messrs. Smith & Schnacke,* for appellee.

Stephenson, J. This is an appeal on questions of law from an order of the Ross County Common Pleas

Court dismissing a workmen's compensation appeal filed by Eddie L. Hurless, appellant herein. The dismissal was upon the ground that the order at the administrative level was a decision as to extent of disability and not appealable under R. C. 4123.519.

The petition alleges, in substance, that appellant, on July 29, 1966 while working for appellee brushed his hand against a live 2300 volt wire on a breaker control panel and that as a result he suffered injuries. He filed a claim for compensation claiming injuries described as "electrical shock and injury of the left arm and hand, left shoulder, cervical spine, and neuritis."

The Deputy Administrator, on August 26, 1968, entered the following order:

"It is ordered that the claim be allowed for an injury described as electric shock to left arm with electric burns on left hand and left shoulder; that related medical bills be paid.

The Administrator finds that claimant did not sustain osteophytic spurs on the cervical spine as the direct and proximate result of the injury in this claim."

An application for reconsideration was filed and denied. On appeal to the Board of Review, the order was affirmed and an appeal to the Industrial Commission denied.

The pivotal question in this appeal is whether the administrative order was a determination as to the extent of disability.

R. C. 4123.519 provides in part:

"The claimant or the employer may appeal a decision of the Industrial Commission in any injury case, *other than a decision as to the extent of disability*, to the Court of Common Pleas * * *

"* * *

"* * * The court, or the jury under the instructions of the court, if a jury is demanded, shall determine the right of the claimant to participate or to continue to participate in the fund upon the evidence adduced at the hearing of such action." (Emphasis added.)

Section 35, Article II, Constitution, and the Ohio Workmen's Compensation Act provides compensation for "injuries." Injury is defined in R. C. 4123.01 as follows: "(C) 'Injury' includes any injury, whether caused by external accidental means or accidental in character and result, received in the course of, and arising out of, the injured employee's employment."

If a claimed injury falls within the definition, the amount of compensation, aside from medical expenses, is dependent upon the degree of disability proximately caused by the allowed injury. "Disability," broadly interpreted, means, in essence, the incapacity to work by reason of the injury. See *Cleveland Provision Co.* v. *Hunter*, 35 Ohio App. 169. It is also used, however, by the courts to describe the physical condition proximately resulting from the injury which causes the inability to work. See *Carpenter* v. *Scanlon*, 168 Ohio St. 139. A determination of the degree of disability is solely the function of the administrative agency and no appeal lies therefrom. *Brecount* v. *Procter and Gamble Co.*, 166 Ohio St. 477.

It must, also, be borne in mind that a workmen's compensation claim may properly consist of more than one claimed physical injury with disability arising from each such injury. Even if a described injury claim is allowed from an industrial accident, the fact that an additional and separate injury is not then claimed from the accident does not bar a participation upon the separate injury at a later date since it was intended to compensate for *all* injuries and ensuing disabilities arising from the accident. This is clearly the reasoning of the Ohio Supreme Court in *Kittle* v. *Keller*, 9 Ohio St. 2d 177 and *Kaiser* v. *Industrial Comm.*, 136 Ohio St. 440. Since a claim for compensation for a separate injury can be filed after the original claim, rather obviously, it can, as here, be filed in the original application.

The order here under consideration allowed certain claimed injuries, but denied the right to compensation for the back injury by a finding that "the claimant did not sustain osteophytic spurs on the cervical spine as the direct

and proximate result of the *injury* in this claim." There was no issue as to any claims with respect to the course of employment or that the back condition arose from or was related to the other injuries allowed. It is evident, therefore, that the order utilized the word "injury" in the sense that it is spoken of in R. C. 4123.01 and found that the back condition did not result from the "injured employee's employment." See Young, Workmen's Compensation, Section 5.14. Stated differently, it is a finding that the back condition was not a proximate result of the accidental occurrence that resulted in other injuries which are compensable.

The Ohio Supreme Court has provided guidelines as to what is meant by "other than a decision as to the extent of disability." In *State, ex rel. Mansour,* v. *Indus. Comm.,* 19 Ohio St. 2d 94, the following is stated:

"In *Carpenter* v. *Scanlon,* 168 Ohio St. 139, it was argued that a finding that 'the arthritic condition is not related to (the) injury' was not appealable under Section 4123.519. The court stated:

" 'The finding of the administrator that "the claimant's generalized arthritic involvement is not related to or the result of the injury in this claim, and, therefore, payment of compensation or for medical services for the treatment of said condition is not authorized," is clearly not "a decision as to the extent of disability" but rather a finding that the arthritic condition of claimant was not a disability resulting from the injury—*an absolute denial of the claim on a jurisdictional ground going to the basis of claimant's right.* From such a decision an appeal is authorized by the above-quoted provision of the Code.' (Emphasis supplied.)

"The emphasized language provides another guideline for identification of the scope of the 'extent of disability' as used in the statute, *i. e.,* a denial that is absolute going to the basis of claimant's right. If this kind of a denial has not been made by the Industrial Commission, it follows that the appeal would be unavailable."

The concept of a denial upon a "jurisdictional ground"

did not have its inception in *Carpenter* v. *Scanlon, supra*. See *State, ex rel. Cezkovsky,* v. *Indus. Comm.*, 126 Ohio St. 434; *State, ex rel. Depalo,* v. *Indus. Comm.*, 128 Ohio St. 410. While the procedural steps therein discussed are not a present part of the law, the concept and discussion of what is and what is not an order of denial of compensa- tion upon a jurisdictional ground is relevant. In *Depalo*, at Page 417, the following is found:

"* * * If such denial is made because the Commission has determined the extent of disability, and has awarded compensation to cover such disability, then the action of the Commission is final. But if the denial is made for the reason that the Commission has or had no jurisdiction, and therefore no authority, then the claimant is entitled to an appeal.

"Much of the confusion occurs because the finding denying jurisdiction and authority to make an award is itself denied by the fact that a former award had been made. An analysis of the facts, however, will frequently disclose that the Commission erroneously assumed juris- diction in the first instance, or that, while the first finding may have been properly made, the subsequent denial of the right to continue to receive compensation may be due to the fact that the claim for further compensation is based upon facts beyond the jurisdiction and authority of the Commis- sion; for example, that the claimant's condition is not attributable to an industrial accident, or was not the result of the injury sustained, or that the injury which is the basis of the claim for further compensation did not arise in the course of employment, or occurred beyond the jurisdiction of the state under a contract of employment not made in the state * * *."

We have no hesitation in holding that the claim for the back condition herein was denied upon a jurisdictional ground going to the basis of claimant's right to partici- pate. On the face of the order, it was denied because of the administrator's determination that the condition "was not a direct and proximate result of the injury." Because the claim was denied on this basis, jurisdiction, insofar as

it concerned the back injury, was never accepted and, hence, a determination of degree or extent of disability from the alleged injury was never reached or determined. As a court speaks through a journal, an administrative agency speaks through its orders. In the entry of the judgment below, it appears that consideration was given to certain proceedings prior to the order; namely, that the medical evidence of the Commission disclosed that the claimant did not have the back condition he claimed and it was that finding that was intended by the order. By our view, the appealability of the order is determined from the order itself.

Even assuming such medical finding by the Administrator to be before the court below, it would still not preclude an appeal. The claimant still asserts he has a back condition proximately resulting from the accident and other recognized injuries. The entry of an order of denial of compensation upon the ground that the claimant has no injury as a proximate result of the accident is not equivalent to a determination that the claimant has a disability in a xero per cent. Rather, it is a rejection on a jurisdictional ground and even when the word "disability" is used instead of "injury" it is still an appealable order. This is precisely the holding of the Ohio Supreme Court in *Keels* v. *Chapin & Chapin*, 5 Ohio St. 2d 112, the syllabus of which provides:

"A determination by the Industrial Commission that a claimant did not sustain any disability as a result of an accidental occurrence arising out of and in the course of his employment does not constitute a decision as to the extent of disability within the meaning of Section 4123.519 (4123.51.9), Revised Code. (*Carpenter* v. *Scanlon, Admr.*, 168 Ohio St. 139, 5 O. O. 2d 386, followed.)"

*Judgment reversed.*

ABELE, P. J., and GRAY, J., concur.