INSURANCE CO. OF NORTH AMERICA, APPELLANT, *v.* WELLS,
D. B. A. CUSTOM PLUMBING CO., APPELLEE.

[Cite as Ins. Co. of North America v. Wells (1973),
35 Ohio App. 2d 173.]

(Nos. 72AP-292 and 72AP-293—Decided January
23, 1973.)

*Messrs. Vorys, Sater, Seymour & Pease, Mr. Thomas B. Ridgley* and *Mr. Herbert R. Brown,* of counsel, for appellant.

*Messrs. Lane, Alton & Horst* and *Mr. David L. Day,* of counsel, for appellee.

HOLMES, J. This is an appeal of summary judgments in two consolidated cases in the Court of Common Pleas of Franklin County. The court found that there was no gen-

uine issue as to any material fact and entered a judgment for the defendant as a matter of law.

The facts in brief are that the plaintiff had issued a policy of fire insurance to a partnership known as Fairlane Apartments on an apartment structure owned and being constructed by such partnership. The defendant, Leland Wells, doing business as the Custom Plumbing Company, had contracted with Fairlane for the installation of the plumbing facilities in such building.

The plaintiff alleged in its complaint that the defendant, in the process of its plumbing installation, used certain torches and was negligent in doing so, and that such negligence proximately caused the building to catch on fire on two different occasions, thence the dual actions which were consolidated for purposes of consideration at the trial level, as well as herein.

The amount of the loss, in the sum of $76,043.62, was paid to Fairlane by the plaintiff and the plaintiff in its actions below sought to recover this amount from the defendant pursuant to rights asserted to be duly acquired through a subrogation assignment from Fairlane.

The contract between the defendant Leland Wells and Fairlane contained two clauses pertinent to the issues presented before the trial court and in this appeal. Such sections are as follows:

"Article 6. Protection of work, property, and persons.

The Contractor shall adequately protect the work, adjacent property and the public and shall be responsible for any damage or injury due to his act or neglect."

"Article 15. Fire insurance with extended coverage.

"The Owner shall effect and maintain fire insurance with extended coverage upon the entire structure on which the work of this contract is to be done to one hundred per cent of the insurable value thereof, including items of labor and materials connected therewith whether in or adjacent to the structure insured, materials in place or to be used as part of the permanent construction including surplus materials, shanties, protective fences, bridges, temporary structures, miscellaneous materials and supplies incident to the work, and such scaffoldings, stagings, towers,

forms, and equipment as are not owned or rented by the contractor, the cost of which is included in the cost of the work. Exclusions: The insurance does not cover any tools owned by mechanics, any tools, equipment, scaffolding, staging, towers, and forms owned or rented by the Contractor, the capital value of which is not included in the cost of the work, or any cook shanties, bunk houses or other structures erected for housing the workmen. The loss, if any, is to be made adjustable with and payable to the Owner as Trustee for the insureds and contractors and subcontractors as their interests may appear, except in such cases as may require payment of all or a proportion of said insurance to be made to a mortgagee as his interests may appear.

"* * *

"The Owner, Contractor, and all subcontractors waive all rights, each against the others, for damages caused by fire or other perils covered by insurance provided for under the terms of this article except such rights as they may have to the proceeds of insurance held by the Owner as Trustee."

The following provision of the policy as issued by the plaintiff to Fairlane, and as stipulated by the parties, is as follows:

"8. Impairment of Recovery.

"Except as noted below, this Company shall not be bound to pay any loss if the Insured shall have impaired any right of recovery for loss to the property insured; however, it is agreed that:

"a. As respects property while on the premises of the Insured, permission is given the Insured to release others in writing from liability for loss prior to loss, and such release shall not affect the right of the Insured to recover hereunder."

The plaintiff argues that public policy requires that contracts of indemnity purporting to relieve one from the results of his failure to exercise ordinary care shall be strictly construed. The plaintiff also argues that from a review of the entire contract between the defendant and plaintiff's insured, there was no contractual prior release

of the defendant from liability for future acts of negligence by him. The plaintiff then argues that article 15 of the contract must be considered as only a portion of the entire contract and must be analyzed and interpreted in conjunction with article 6, which specifically provides that the contractor "shall be responsible for any damage or injury due to his act or neglect."

Concluding, the plaintiff says that the trial court erred in sustaining the motions for summary judgment because it failed to recognize the conflict in the contract in question between the language contained in article 15 and the language contained in article 6.

On the other side of the question presented, the defendant argues that there is in fact no conflict between articles 6 and 15 of the insurance contract. It urges upon the court that article 6 is a general provision to the effect that the contractor would be responsible for his negligence. The defendant then urges upon this court that article 15 is a specific reference to damage caused by fire covered by such insurance, and that as part of the consideration for the work to be done for Fairlane, the owner agreed to purchase fire and extended coverage insurance for the benefit of both parties, and both parties agreed to waive all rights, each against the other, for any damage so caused by fire, covered by such insurance.

In effect, the defendant is arguing that by virtue of the terms of article 15 of the construction contract, and article 8 of the policy of insurance, the parties had contracted to shift the burden of any loss due to fire resulting from the negligence of either party to a third party, *i. e.*, the insurance company, the plaintiff herein.

At the outset, it must be clearly pointed out that the question before us is whether this insurance company has a right of action against this contractor, such action being based upon the theory of subrogation, which has within it the necessary element that the subrogor-insured had the right of action against the defendant contractor.

Further it must be made clear that this case does not involve the issue as to whether the insurance company plaintiff under its policy, more specifically section 8, would

or would not have an action against its insured for improper recoveries upon such policy.

It is our view that even in the absence of the provisions of section 8 of the policy, the waiver as contained in the contract between Fairlane and this defendant would relieve this defendant from any liability to the insurance company. The insurer is subrogated to, or an assignee of, only the rights of its insured, or assignor. It would have no right to recover from the defendant for defendant's negligence in causing a fire if its insured did not have the right of recovery therefor. *United States Fire Ins. Co.* v. *Phil-Mar Corp.* (1956), 166 Ohio St. 85.

It is felt that by agreeing to purchase fire insurance for the benefit of both parties to the contract, by waiving its rights to the extent of such insurance coverage, and by actually purchasing such insurance after the execution of the contract, Fairlane Apartments fulfilled its obligation under the contract and effectively provided against any subrogation of the insurance company against the defendant, Leland Wells.

As relates to the question of specificity of one article in the contract over another, we agree with the trial court herein that article 6 deals with the liability of the defendant contractor for his negligence, that article 15 deals with damages caused by fire only, and that, in this respect, article 15 is specific and the specific article prevails over the general article.

We further hold that such a clause as that contained in article 15, which mutually prohibits the owner, contractor and subcontractor from enforcing their rights against each other for damages caused by fire or other perils covered by insurance, as provided under the terms of such contract, is not void as being against public policy.

Accordingly, the judgment of the Court of Common Pleas of Franklin County is hereby affirmed.

*Judgment affirmed.*

TROOP, P. J., and WHITESIDE, J., concur.