**Leslie TODD and Gloria Todd,
Appellants,**

v.

**David RATCLIFFE, Appellee.**

Court of Appeals of Kentucky.

July 18, 1980.

Rehearing Denied Aug. 29, 1980.

Phil A. Stalnaker, Pikeville, for appellants.

Max D. Picklesimer, Johnson, Dunnigan & Martin, Ashland, for appellee.

Before GUDGEL, REYNOLDS and WILHOIT, JJ.

GUDGEL, Judge.

This is an appeal from a summary judgment of the Pike Circuit Court. The court adjudged that appellants, Leslie Todd and Gloria Todd, were not entitled to recover damages against appellee, David Ratcliffe, for negligently causing the destruction of a residence by fire. The principal issue is whether any genuine issue of material fact existed which precluded the court from granting the summary judgment. We hold that no such issue existed and affirm.

The perplexing factual background of this litigation will be set forth in some detail, because such a recitation is necessary in order to consider the propriety of the court's summary judgment. On February 24, 1976, appellants entered a contract with appellee, whereby appellee agreed to provide all work, labor and materials necessary for the construction of a dwelling house in Pike County, Kentucky. The total purchase price to be paid appellee was $32,180.57. Five hundred dollars was to be paid on execution of the contract, with the remainder of the purchase price to be paid in three separate installments at different stages of construction. The clause of the contract upon which the court based its decision to grant a summary judgment provided as follows:

7. Owners at their own expenses shall maintain fire insurance upon the entire new structure on which the work of contractors is done, and upon all materials for the work which are on, or adjacent to, the premises, to the extent of their full and insurable value, with loss, if any, to be made adjustable with, and payable to, owners and contractors as their interest may appear.

Appellants obtained a fire insurance policy on the property from Royal Globe Insurance Company (Royal Globe). However, in violation of their contractual duty under paragraph 7 quoted above, the policy was not made payable to appellee, as his interest might appear.[1]

On July 9, 1976, the residence was destroyed by a fire, which occurred while appellee's employees were at the premises cleaning tile with gasoline. Royal Globe proceeded to adjust the loss with appellants and settled the claim in return for a payment of $28,399.00. In order to pursue a subrogation claim against appellee in appellants' names, Royal Globe obtained a "loan receipt" from appellants at the time the claim was settled.[2]

Pursuant to the loan receipt, Royal Globe's attorney filed an action against appellee on May 26, 1977, in appellants' names. The complaint alleged the existence of the contract between the parties, and that appellee, his employees, agents and/or representatives, carelessly and negligently set fire to the property, thereby causing its destruction. The complaint sought damages of $28,399.00, the exact amount Royal Globe had paid appellants to settle their claim.

Appellee filed an answer denying that his negligence, or the negligence of his agents, servants, or employees, caused the fire. He also asserted a four–count counterclaim, whereby he sought recovery for an alleged unpaid balance due on the construction contract of $10,726.85; recovery of $10,726.85 of the insurance proceeds paid appellants by Royal Globe; recovery of $3,594.75 for additional labor and materials furnished over and above those required to be furnished by the contract; and recovery for $700,000.00 compensatory and punitive damages alleged to have been incurred as a result of defamatory statements made by appellants to third parties that appellee had willfully and intentionally set the fire which destroyed the property.

In light of the filing of appellee's counterclaim, appellants obtained the services of their own attorney. This attorney filed a reply to appellee's counterclaim and an

---

1. The insurance policy issued by Royal Globe was not made a part of the record. Therefore, we will assume, as is conceded by the parties, that the policy insured only appellants.

2. The parties concede such a loan receipt was executed. However, it was not made a part of the record.

amended complaint, whereby appellants alleged that the damage to their property was in the total sum of $40,000.00, rather than the $28,399.00 for which Royal Globe had originally brought suit. He also filed a third–party complaint against Royal Globe, alleging in substance that the original action was filed without appellants' knowledge; that as a result appellants faced liability in excess of $700,000.00 on a counterclaim; and that they were entitled to indemnity against Royal Globe for any sums adjudged against them on the counterclaim. The third–party complaint also alleged that Royal Globe was actually liable under the policy for $48,000.00, rather than the $28,-399.00 previously paid. Royal Globe filed an answer to the third–party complaint.

After the discovery depositions of various persons were taken, several motions for summary judgment were made. The court, after hearing arguments and considering memoranda of the parties, entered a summary judgment and dismissed appellants' complaint, as amended. However, the court declined to enter any judgment with respect to appellee's counterclaim against appellants and with respect to appellants' third–party complaint against Royal Globe. In the court's final order and judgment rendered June 22, 1979, the court made certain pertinent findings of fact and conclusions of law relative to paragraph 7 of the construction contract. Those findings are:

> 2. That by its terms, the above provision [3] required the Plaintiffs to purchase insurance upon both their own and Defendant's insurable interest.

> 3. That as indicated in the Conclusions of Law below, the proper reading of the above quoted provision is to be made, if possible, as to provide its terms and conditions a legal and binding effect. Thus, the above quoted provisions required the Plaintiffs to purchase casualty insurance naming both themselves, but the Defendants as well, as named insureds therein.

The plain, unambiguous effect of said provision, as intended, does provide a liquidation of claims between the parties to the agreement, upon casualty resulting from the acts of one or more of said parties to the property interest of the other. As a clear indication of this intent and effect is the fact, as indicated by the conclusions of law below, that fulfillment of this provision would preclude the subrogation of one party's property interest against the other. Such an encumbrance and elimination of potential derivative rights only serves as a further indication that the contract provision does have its intended effect of liquidating the primary rights from which the subrogation interest would derive.

It appears, from analyzing the court's findings, that the court determined that appellants were required, by paragraph 7 of the contract, to purchase fire insurance insuring their own and appellee's interest in the property; that appellants were required to include appellee as a named insured in the policy; that the clause was intended to provide a liquidation of claims between the parties in the event of a casualty loss to the residence caused by a tortious act of either party; and that this intent was manifested by the fact that if paragraph 7 had been complied with, Royal Globe would not have been entitled to subrogate against appellee for negligently causing the destruction of the residence. Based on these findings, the court granted a summary judgment and ordered appellants' claim, as amended, dismissed. This appeal followed.

Appellants contend that the court's finding that paragraph 7 of the building contract was intended to provide a liquidation of claims between the parties was clearly erroneous. Appellants also contend that if appellee willfully set fire to the residence in the hope of receiving proceeds of insurance, he is estopped to complain that appellants breached the contract by not paying him any of those proceeds. We will not address the latter contention, since neither appel-

---

**3.** The court's reference to the "above provision" is a reference to paragraph 7 of the construction contract.

lants' complaint or amended complaint allege that appellee willfully set fire to the residence.

This case does not involve the classic subrogation situation where a fire insurer is attempting to recoup the amount of insurance proceeds paid its insured from a third party who has negligently caused a fire loss. From the outset, the case was complicated by the issue of whether paragraph 7 of the contract between the parties precluded Royal Globe, as a subrogee of the insureds, from maintaining a subrogation action against appellee, and whether Royal Globe was entitled to continue to maintain the action in appellants' names once it became a third–party defendant in the action. In addition, a further question arose as to whether appellants were entitled to maintain any action against appellee.

We will first address Royal Globe's posture in the litigation.[4] This suit was instituted by Royal Globe. The company had a right to do so by virtue of a loan receipt executed by appellants. Loan receipts are a legal fiction by which insurance companies are permitted to file a subrogation action in the name of their insured, in order to prevent the company from being prejudiced at a trial of the subrogation action should the jury become aware that the real party in interest is an insurance company. *Ratcliff v. Smith*, Ky., 298 S.W.2d 18 (1957). In this case, however, Royal Globe's right to silently participate in the action terminated when appellants joined the company as a third–party defendant, because its participation in the action as a real party in interest could no longer be protected from disclosure. In short, upon being joined as a party, Royal Globe's right to continue to maintain the action in appellants' names terminated by operation of law, and the company became obligated to reassert its subrogation claim in its own name.[5]

There remains the issue of whether appellants were entitled to maintain a negligence action against appellee. Resolution of this issue in turn depends upon the legal effect of paragraph 7 of the construction contract.

It is clear that if appellants had not amended their complaint to claim damages in excess of the amount of insurance proceeds they received from Royal Globe, the court would have been justified in summarily dismissing the action. This is so because an insured may not collect both proceeds from insurance and damages from a wrongdoer for the same loss. *Remedial Systems of Loaning v. New Hampshire Fire Ins. Co.*, 227 Ky. 652, 13 S.W.2d 1005 (1929).

Appellants, however, amended their complaint and claimed, in effect, that they were not fully compensated by insurance for the damages caused by the fire. Thus, unless paragraph 7 of the construction contract precludes such a recovery, the court erred by dismissing the portion of their claim attributable to the alleged damage incurred which has not been reimbursed by insurance. We hold that paragraph 7 of the construction contract precludes such a recovery.

Appellee did all he could do to protect himself against liability for negligently causing destruction of appellants' property by fire. He secured appellants' agreement in paragraph 7 of their contract that they would insure the property against that risk to the extent of its "full insurable value." If appellants did fully insure the property, there can be no loss for which they have not been reimbursed by insurance. If they failed to fully insure the property, they breached the contract and are not entitled to recoup their loss resulting from that wrongful conduct against appellee.

4. We realize that Royal Globe is not a party to this appeal. Nevertheless, since their position as a subrogee is so closely intertwined with appellants', resolution of the issues in this appeal is not possible without considering issues relating to Royal Globe.

5. Royal Globe has not asserted its subrogation claim in its own name. Therefore, we need not determine whether it is entitled to do so in light of paragraph 7 of the contract. But *see Insurance Co. of North America v. Wells*, 35 Ohio App. 173, 300 N.E.2d 460 (1973).

Further, as we view paragraph 7, it was intended to avoid the exact situation which arose by providing a method whereby both parties to the contract would waive any right to pursue a claim against the other for negligent destruction of the property by fire. In lieu of preserving such a right, the parties agreed to protect against that risk through fire insurance in an amount equal to the full insurable value of the parties' respective interests in the property.

Thus, contrary to appellants' contention, whether they did fully insure the property and merely settled with Royal Globe for less than the actual amount of their loss, is of no significance. The fact remains that by agreeing to paragraph 7 of the contract, appellants waived any right to assert a claim against appellee for negligently causing destruction of their property by fire in favor of protecting against that risk through insurance.

Accordingly, the court did not err by ordering their complaint, as amended, dismissed.

The summary judgment is affirmed.

All concur.